### William H. Black v. Fred B. Churchill.

1. INSTRUCTIONS—*Properly Refused, When Contained in Others.*— It is not error to refuse an instruction where the substance of it is contained in other instructions given.

Assumpsit, for commissions. Appeal from the Circuit Court of Mc-Donough County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

ELTING & O'HARRA, attorneys for appellant.

CAMP & HOLLY, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellant, William H. Black, sued appellee, Fred B. Churchill, before a justice of the peace of McDonough county, to recover the sum of $50 which he claimed appellee owed him for procuring a purchaser for a farm which appellee had for sale. Appellant recovered a judgment for $5 before the justice, but being dissatisfied with the amount, appealed to the Circuit Court, where the case was tried by jury and resulted in a verdict and judgment in favor of appellee.

Appellant moved for a new trial in the Circuit Court upon the grounds that the verdict was against the evidence and that the court refused proper instructions offered by him, which being denied, he excepted, and prosecutes this appeal to effect a reversal of the judgment and a remanding of the case for a new trial.

Appellant and appellee are real estate agents, and both have their offices in the city of Macomb. Some time in the

fall of 1898, appellee informed appellant that he had Mr. Sisson's farm for sale, and would pay appellant $50 commission if he would sell it for him, or send him a purchaser for it. A short time afterward Mr. Greenup was in appellant's office and informed him that he intended to sell his farm and buy more and cheaper land for the same money, and inquired if appellant had any cheap land for sale. Appellant told him that he had the Sisson farm for sale, described it to him and gave him the price at which he could sell it.

Mr. Greenup went to the offices of other real estate agents in Macomb, making inquiries for cheap lands, and when at appellee's office, learned that he also had the Sisson farm for sale.

Nearly a year afterward, Mr. Greenup sold his farm, and remembering that both appellant and appellee had the Sisson farm for sale, concluded he would go and see both of them, and after examination of the farm, if it suited him, he would buy from the one who would sell it to him the cheapest, and that he would not let either one know that he was trying to buy the farm from the other.

When Mr. Greenup went to Macomb for the purpose of ascertaining the cheapest price at which he could buy the farm, and to go and see it with appellant or appellee, whichever quoted him the lowest price, he first went to appellant's office, but finding him out, went to appellee's office, and finding him in, they together went and looked at the farm, and in a day or two afterward, he bought it of appellee.

Appellant and appellee quoted the farm to Mr. Greenup at the same price.

We are unable to conclude that the verdict is against the evidence and find that the court properly refused the three instructions which appellant insists ought to have been given, because all that was proper in the first two, is contained in those which were given, and the third is not based upon the evidence.

The Circuit Court, therefore, properly denied appellant's motion for a new trial, and its judgment in this case will be affirmed.